UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-277-H

JULIE POPE                                                                          PLAINTIFF

V.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Julie Pope, brought this suit against her insurance company, State Farm Mutual

Automobile Insurance Company, ("Defendant") to recover underinsured motorist benefits

resulting from an automobile accident on May 17, 2007.  Plaintiff seeks to recover damages

suffered in the accident as well as for Defendant's alleged bad faith in violation of Kentucky's

Unfair Claims Settlement Practices Act (UCSPA).  Defendant has moved for partial summary

judgment, before the close of discovery, on Plaintiff's bad faith claims.  Defendant has also

moved to exclude an expert designated by Plaintiff.

I.

In order to satisfy the elements of a violation of the UCSPA, a plaintiff must show bad

faith.  *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993).  Such bad faith must be "sufficient to

warrant punitive damages." *Id.*  Thus in order for Plaintiff to get to a jury on the UCSPA claim

she must present some evidence that Defendant acted with intentional misconduct or a reckless

disregard of her rights.  *Id.*  Defendant has moved for summary judgment on Plaintiff's bad faith

claim on the grounds that Plaintiff has produced no evidence of bad faith.  Plaintiff argues that

1

the motion was filed prematurely, because at the time of filing there was a month left of discovery.  Courts must be wary of entering summary judgment before having a well developed set of facts.  "The need to allow adequate discovery is not without limits, however, and a trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 893 (6th Cir. 1991).  Here Defendant asks the Court to exercise its discretion and grant summary judgment before the close of discovery.

Courts deciding whether to allow additional discovery before ruling on a summary judgment motion should look at several factors, including: 1) when the nonmovant learned of the issue that is the subject of the desired discovery, 2) whether the desired discovery would create a genuine issue of material fact, 3) how long the discovery period has lasted, 4) whether the nonmovant was dilatory in its discovery efforts, and (5) whether the movant was responsive to discovery requests.  *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995) (citations omitted).

In terms of being surprised by this motion, Plaintiff has known that bad faith would be an issue in the case since she filed her complaint.  Furthermore, both parties agreed to the dispositive motion deadline in question.  This date was set by an agreed order dated August 13, 2008.  Plaintiff had ten (10) months notice that a summary judgment motion would be forthcoming.  This was ample time for a reasonably diligent litigant to locate at least some discovery suggesting bad faith.  Also, there is no suggestion that Defendant has been unresponsive to discovery requests. Here, Plaintiff has suffered no prejudice by being informed ten months in advance that a summary judgment motion would be filed on an issue she herself

raised.

 As the Court said above, a finding of a UCSPA violation requires a showing of intentional misconduct or reckless disregard for the insured's rights.  Plaintiff has produced no such evidence of bad faith.

III.

Plaintiff timely disclosed Linda Jones as an expert in this case, but her expert disclosure did not include several required elements.  Defendant has moved to strike Plaintiff's designation of Jones for the reason that Plaintiff's disclosure does not meet the requirements of Rule 26(a)(2)(B).  Plaintiff claims that the improper disclosure was the result of holding off on retaining an expensive expert while the parties were engaged in settlement negotiations.

Jones is a vocational expert and will give an opinion regarding Plaintiff's lost future income.  There is currently no trial date set for this case and a settlement negotiation scheduled for November.  Jones' testimony is supposed to support Plaintiff's damages, which would certainly be relevant to any settlement negotiations.  Defendant rightly should expect to be told the amount and reason for Plaintiff's claimed damages.  The Court believes that given the time between the admittedly inadequate disclosure and the upcoming settlement negotiations, the parties should be able to supplement this disclosure on the issue of lost future income.  The parties should come to an agreement regarding expert discovery to be completed in time for the next settlement negotiation.

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED, and Plaintiff's claims under the Unfair Claim Settlement Practices Act are DISMISSED with prejudice.

IT IS FURTHER ORDERED that Defendant's motion to strike Linda Jones as Expert is DENIED.

This is NOT a final order.

September 8, 2009

**John G. Heyburn II, Judge**
**United States District Court**

cc:      Counsel of Record

4